958 F.2d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cleveland ARIO, Petitioner-Appellant,
v.
A.A. GOMEZ, Warden, John Van De Kamp, Respondents-Appellees.
 No. 90-16742.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 13, 1992.*
Decided March 18, 1992.
 
 Before TANG, PREGERSON and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Cleveland Ario was convicted in state court of second degree murder. His conviction was affirmed on direct appeal. Ario then filed a habeas petition in district court alleging that the trial court improperly instructed the jury on implied malice and diminished capacity and that there was a reasonable likelihood that the jury improperly applied the erroneous instructions in violation of his due process rights. The district court denied his petition. We affirm.
 
 I.
 
 3
 Ario alleges that his due process rights were violated because the trial court's instructions on implied malice allowed the jury to convict him of murder without first finding that he was subjectively aware of the life-threatening danger that his conduct posed.[1] Absent a subjective awareness of the risk to human life involved, malice is lacking. People v. Watson, 637 P.2d 279, 283 (Cal.1981). Because malice is an essential element of second degree murder, id. at 282, Ario alleges that the prosecution was not forced to prove every element of the crime beyond a reasonable doubt, as required by In re Winship, 397 U.S. 358, 364 (1970).
 
 
 4
 The California Supreme Court has spoken on this issue. In People v. Dellinger, 783 P.2d 200, 202 (Cal.1989) (en banc), Dellinger argued, as Ario does here, that wanton disregard for human life does not adequately state that the defendant must subjectively appreciate the life threatening risk that his conduct poses. The court expressly held that the wanton disregard for human life definition of implied malice adequately conveys to the jury that the prosecution must show that the defendant subjectively appreciated the risk created by his conduct. Id.
 
 
 5
 On habeas review that a jury instruction is subject to erroneous interpretation, the standard is whether there is a reasonable likelihood that the jury applied the challenged instruction in a way that violates the Constitution. Estelle v. McGuire, 112 S.Ct. 475, 482 (1991). The definition of implied malice given to Ario's jury was not erroneous under California law. Malice is adequately stated by this definition. Therefore, there was no reasonable likelihood that the jury applied the instruction in violation of Ario's constitutional rights.
 
 II.
 
 6
 Next, Ario alleges that the instructions given to the jury failed to inform them what diminished capacity was, or how it could negate malice without negating an intent to kill. As a result, Ario contends, diminished capacity was effectively precluded as a defense. Because diminished capacity was central to his defense, Ario claims that these instructional errors were prejudicial and violated fundamental fairness.
 
 
 7
 A defendant is not entitled to the precise instruction requested and a state court's refusal to give a defendant's requested instruction does not raise a cognizable habeas corpus claim. Dunckhurst v. Deeds, 859 F.2d 110, 114 (9th Cir.1988). So long as the defense is adequately presented, due process is satisfied. However, if an instruction was erroneous, the question is whether there is a reasonable likelihood that the jury applied the erroneous instruction in a way that violates the Constitution. McGuire, 112 S.Ct. at 482.
 
 
 8
 Diminished capacity rebuts the existence of malice and thereby reduces murder to manslaughter. People v. Ray, 533 P.2d 1017, 1021 (Cal.1975) (en banc). If, because of diminished capacity, the defendant lacks malice but nevertheless is found to have formed an intent to kill, the crime is voluntary manslaughter. Id. If, because of diminished capacity, he additionally did not intend to kill, his crime is involuntary manslaughter. Id.
 
 
 9
 The jury was instructed on diminished capacity. The only question that remains is whether the jury was informed that diminished capacity could negate a finding of malice, without also negating a finding of intent to kill. We conclude that the instructions adequately defined each crime and explained how the defense of diminished capacity reduces culpability so that the jury could determine whether Ario could be convicted of murder, voluntary manslaughter or involuntary manslaughter.
 
 
 10
 Without a reasonable likelihood that a jury has applied a challenged instruction in a way that violates the Constitution, Ario's due process rights have not been violated. McGuire, 112 S.Ct. at 482. There is no such error here.
 
 III.
 
 11
 We affirm the district court's denial of Ario's habeas corpus petition.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Implied malice was defined by the trial court as:
 Malice is implied when the killing results from an intentional act involving a high degree of probability that it will result in death, which act is done for a base, antisocial purpose, and with a wanton disregard for human life; or when the killing results from an intentional act, the natural consequences of which are dangerous to life, which act was deliberately performed by a person who knows that his conduct endangers the life of another and who acts with conscious disregard for life.